# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| SAMUEL DIAZ, | ) | |
| Petitioner | ) | |
|  | ) | |
| v. | ) | No. 1:20-cv-00383-MSM-LDA |
|  | ) | |
| STATE OF RHODE ISLAND, | ) | |
| Respondent | ) | |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Samuel Diaz, a state prisoner in the custody of the Rhode Island Department of Corrections, brought this petition for habeas corpus pursuant to 28 U.S.C. § 2254. He contends that the judgments of conviction entered in state court on K2-2019-0486A and P2-2019-5329ADV should be vacated for a variety of reasons. Mr. Diaz is serving two concurrent state sentences of ten years, with four years to serve and the balance suspended with probation, for violations of domestic no contact orders and felony assault. The judgments were entered on March 4, 2020. On September 4, 2020, within the one-year limitations period set by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), he filed this action. 28 U.S.C. § 2244(d)(1).

However, while the petition may be timely, Mr. Diaz has not exhausted the state court remedies still available to him. *Josselin v. Dennehy,* 475 F.3d 1, 2-3 (1st Cir. 2007), citing 28 U.S.C. § 2254(b)(1). Mr. Diaz asserts that he has filed an

application for post-conviction relief ("PCR") in the state courts, and that it raised the grounds he raises in this petition. That application, according to the Rhode Island superior court records, is still pending and has not been decided. (ECF Nos. 21-1, 21-2 and 21-3). Thus, there has been no full opportunity given to the Rhode Island courts to resolve Mr. Diaz' complaints. *Id.* Even if the PCR had been ruled upon, Mr. Diaz would have to seek review in the Rhode Island Supreme Court before turning to the federal courts for relief. Therefore, the state's Motion to Dismiss (ECF No. 21) is GRANTED and the petition is dismissed.

Mr. Diaz has filed a hailstorm of motions, all of which become moot upon the dismissal of the petition, and they are therefore DENIED *pro forma* as moot: Motion to Vacate (ECF No. 6), Motions for or to Assign a Hearing Date (ECF No. 7, 10, 23, 44, 55), Motions for Speedy Trial (ECF No. 8, 24, 37), Motions for Discovery (ECF No. 12, 17, 26, 36, 38, 50), Motion to Appoint Counsel (ECF No. 15, 52), Motions for Bail (ECF No. 16, 58, 59), Motion of Claim (ECF No. 22), Motions to Appoint Experts (ECF No. 25, 54), Motions to Suppress Evidence (ECF No. 32, 39, 51), Motion for Temporary Restraining Order and Motion for Show Cause Order (ECF No. 33), and Motion for Jury Trial (ECF No. 53).

IT IS SO ORDERED:

Mary S. McElroy,
United States District Judge


Date: May 27, 2021

2